UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANICE PERRY                                                                                     CIVIL ACTION

VERSUS                                                                                            No. 07-0594

KIM'S MARKET & DELI, LLC, *et al.*                                                                SECTION: I/5

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendants, Kim's Market & Deli, LLC, ("Kim's") Wonchong Kim Lee ("Kim Lee"), and Doo Wan Lee ("Wan Lee"), against plaintiff, Janice Perry.[1]  Plaintiff's claims arise out of her employment at Q Seafood beginning in February of 2004 and ending on May 14, 2005.[2] Plaintiff is asserting claims for: (1) employment discrimination pursuant to Title VII and Louisiana Revised Statute § 23:332, (2) violations of the Fair Labor Standards Act ("FLSA"), (3) violations of Louisiana's wage and hour law, La. Rev. Stat. Ann. § 23:632, and (4) retaliation in violation of La. Rev. Stat. Ann. § 23:967.[3] Defendants argue that plaintiff brought this lawsuit against the wrong parties

---

[1] R. Doc. No. 15.

[2] R. Doc. No. 1, compl.

[3] *Id.*

because none of them were plaintiff's employer.[4]  Plaintiff has filed no opposition to this motion.

Plaintiff's claims could impose liability on her *employer*, if the employer were found to be in violation of one of the laws alleged.  *See* Civil Rights Act of 1964, tit. VII, § 704, 42 U.S.C. § 2000e-2 (2006) (making it an unlawful employment practice for an *employer* to discriminate against employees on the basis of a protected characteristic); La. Rev. Stat. Ann. § 23:332 (1998) (making it an unlawful employment practice for an *employer* to discriminate against employees on the basis of a protected trait); FLSA, 29 U.S.C. § 211(c) (2006) (requiring *employers* to keep records on all employees); FLSA, 29 U.S.C. § 207 (requiring *employers* to compensate employees at least one and one-half times the employee's regular rate for any hours worked more than forty in a workweek); La. Rev. Stat. Ann. § 23:632 (imposing liability on an *employer* for refusing to pay an employee after amicable demand has been made); La. Rev. Stat. Ann. § 23:967 (making it unlawful for an *employer* to retaliate against an employee who discloses, objects to, or provides information about an employer's violation of the law). However, none of the defendants were plaintiff's employer[5] and defendants cannot, therefore, be liable for these claims.[6]

---

[4] R. Doc. No. 15-4, mem. supp. mot. summ. j.

[5] On November 17, 2006, Kim's purchased assets from the business that employed plaintiff, Doo K, Inc., ("Doo K").  R. Doc. No. 15-5, mot. summ. j., ex. A, Kim Lee aff. ¶¶ 5-6.  Kim's now operates a convenience store at the same site of plaintiff's previous place of employment, but Kim's was not the owner, operator, or plaintiff's employer during the time plaintiff worked at the location.  *Id.*
Kim Lee was plaintiff's co-worker, not employer.  *Id.* ¶ 11.  Wan Lee was a shareholder in Doo K, the company that employed plaintiff during the period in question.  *Id.* ¶ 4.

[6] Kim's, as a subsequent owner of plaintiff's previous place of employment, has no relationship with plaintiff and cannot be liable as an employer.
Wan Lee, as a shareholder of plaintiff's employer, is not liable as an employer as that term is defined pursuant to the laws alleged by plaintiff (with the possible exception of the FLSA, which is discussed below).  *See, e.g.*, *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994) (stating that it is "inconceivable" that Congress intended Title VII to allow civil liability against individual employees or agents of an employer); *Sears v. Home Depot, USA, Inc.*, 943 So. 2d 1219, 1229 (La. Ct. App. 2006) (noting that because Louisiana's anti-discrimination

Accordingly,

**IT IS ORDERED** that the motion for summary judgment filed on behalf of defendants, Kim's Market & Deli, LLC, Wonchong Kim Lee, and Doo Wan Lee,[7] is **GRANTED** and the above-captioned case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January __22nd__, 2008.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

prohibitions are similar in scope to Title VII, federal jurisprudence is an appropriate guide to determine whether a claim has been stated under § 23:332); *Jones v. JCC Holding Co.*, No. Civ.A. 01-0573, 2001 WL 537001, at *3 (E.D. La. May 21, 2001) (Livaudais, J.) (noting that an individual supervisor and other nonemployer defendants did not qualify as employers within the meaning of § 23:967, Louisiana's retaliation statute).

Kim Lee, as plaintiff's co-worker, is also not, outside of the possible exception of the FLSA, liable as an employer within the meaning of plaintiff's claims. *See, e.g.*, *Grant*, 21 F.3d at 652; *Sears*, 943 So. 2d at 1229; *Jones*, 2001 WL 537001, at *3.

The FLSA defines employer differently than the other employment statutes at issue in this case. The term employer for purposes of the FLSA "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). A multifactorial test is used to determine whether the person is an employer within the meaning of the FLSA. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990). The factors include:

> "whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."

*Id.* (*quoting Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). Plaintiff offers no evidence that either Kim Lee or Wan Lee was her employer within the meaning of the FLSA or that any of the above factors has been satisfied. Therefore, plaintiff has failed to raise a genuine issue of material fact as there are no allegations in the complaint to support an FLSA claim and plaintiff has failed to respond to the motion for summary judgment. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) (affirming the district court's grant of summary judgment on an FLSA claim when the plaintiff failed to offer factual allegations or evidence to substantiate her claim).

[7] R. Doc. No. 15.